UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ALEXANDER ROCK ROSADO,<br><br>Plaintiff,<br><br>vs.<br><br>SECRETARY KELLIE WASKO, in her individual and official capacity; WARDEN BRENT FLUKE, in his individual and official capacity[1]; and CORRECTIONAL OFFICER MATTHEW GEPPART, in his individual and official capacity,<br><br>Defendants. | 5:23-CV-05069-RAL<br><br><br>1915A SCREENING<br>OPINION AND ORDER |

Plaintiff Alexander Rock Rosado, a former inmate at the Mike Durfee State Prison, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Rosado filed a motion to leave to proceed in forma pauperis, Doc. 2, which this Court granted, Doc. 5. Rosado paid his initial filing fee. This Court now screens Rosado's complaint under 28 U.S.C. §§ 1915 and 1915A.

I.  **1915A Screening**

   A.  **Factual Background**

Rosado claims that defendants violated his First and Eighth Amendment rights. Doc. 1 at 4–5. Rosado was incarcerated at the Rapid City Community Work Center (RCCWC) and was on

---

[1] Rosado sues Fluke in his individual and official capacity. Fluke is no longer warden of the Mike Durfee State Prison. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Because Rosado's claims against Fluke are dismissed, substitution of Fluke's successor for Rosado's official capacity claims is futile.

work release. Id. at 4. On April 5, 2022, around 8:30 a.m., Correctional Officer Matthew Geppart arrived at Perkins restaurant in Rapid City, South Dakota, to give Rosado a ride back to the RCCWC. Id. When Geppart was walking Rosado out the door of Perkins, Rosado spit on Geppart. Id. Rosado claims that Geppart became angry and allegedly grabbed Rosado "while [he] was handcuffed and body-slammed [him] . . . on the ground and knocked [him] out as into a coma[.]" Id. Rosado was in a coma for eight days at the Rapid City Hospital. Id. Rosado's medical records state that he was reported to have "passed out and fallen[,]" which Rosado claims was not true. Id.; Doc. 1-1 at 8. Rosado's medical records show that he was diagnosed with a brain bleed and that he tested positive for alcohol. Doc. 1-1 at 4–6. Rosado claims that because of Geppart's actions, he had serious injuries and continues to experience headaches and trouble thinking. Doc. 1 at 4.

Between August and September of 2023, Secretary of Corrections Kellie Wasko and Warden Brent Fluke would not allow Rosado to receive legal assistance from another inmate. Id. at 5. Wasko and Fluke would not provide Rosado a classroom or library time to meet with Michael Merrival, Jr., an inmate writ writer. Id. Rosado and Merrival are in different housing units. Id. Rosado claims that he was denied access to the courts because he could not meet with Merrival and could not get his "habeas corpus filed in state and federal court [and] . . . cannot get [his] Sentence Modification filed or any legal pleadings file [sic]." Id.

Rosado sues the defendants in their individual and official capacities. Id. at 2. Rosado requests to have the defendants pay for his medical and mental health treatment and medications as well as $1,000,000 in "compensation damages to pay for the medical examines and mental health treatments." Id. at 7. He also requests the remaining time of his prison sentence or parole be discharged. Id.

B.  **Legal Standard**

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely."

3

Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation removed) (quoting Twombly, 550 U.S. at 556). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### C. Rosado's Causes of Action

#### 1. Official Capacity Claims for Money Damages

Rosado brings claims against all defendants in their official capacities for money damages. Doc. 1 at 2, 7. All defendants are employees of the State of South Dakota. See generally id. As the Supreme Court of the United States has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. Id. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. Here, Rosado seeks both money damages and injunctive relief. Doc. 1 at 7. The State of South Dakota has not waived its sovereign immunity. Thus, Rosado's claims against all defendants in their official capacities for money damages are dismissed with prejudice under 28 U.S.C §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

#### 2. Claims for Injunctive Relief

The only injunctive relief that Rosado requests is "that all remaining time left on imprisonment or parole be discharged." Doc. 1 at 7. A district court cannot grant release from

confinement in a § 1983 action; a federal habeas petition is the proper method of seeking release from confinement. Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973); Heck v. Humphrey, 512 U.S. 477, 481 (1994). Because this Court is unable to grant the only injunctive relief Rosado requests, Rosado's claims for injunctive relief against all defendants are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 3. Individual Capacity Claims

#### a. Eighth Amendment Excessive Force

Rosado claims that Geppart violated his Eighth Amendment right to be free from cruel and unusual punishment. Doc. 1 at 4. The Eighth Amendment protects prisoners from "unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5 (1992). In determining whether excessive force was used, the "core judicial inquiry . . . [is] whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson, 503 U.S. at 7). To determine if force was reasonable and in good faith, courts may consider the need for applying force, the relationship between that need and the amount of force utilized, the threat the responsible officials reasonably perceived, any efforts used to diminish the severity of a forceful response, and the extent of the injury inflicted. Walker v. Bowersox, 526 F.3d 1186, 1188 (8th Cir. 2008) (per curiam).

Here, Rosado claims that Geppart slammed him to the ground and knocked him out after Rosado spit on him. Doc. 1 at 4. Rosado was taken to the hospital and suffered a brain bleed. Id. Thus, Rosado alleges sufficient facts for his Eighth Amendment excessive force claim against Geppart in his individual capacity for money damages to survive § 1915A screening.

### b. First Amendment Access to the Courts

Rosado claims that Fluke and Wasko violated his First Amendment right to access the courts because he was denied the opportunity to meet with an inmate writ writer. Doc. 1 at 5. "The Constitution guarantees prisoners a right to access the courts." White v. Kautzky, 494 F.3d 677, 679 (8th Cir. 2007). The United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The right to access the court "entitles inmates to receive legal assistance from fellow inmates unless prison officials provide reasonable alternative assistance." Gassler v. Rayl, 862 F.2d 706, 707 (8th Cir. 1988) (citing Johnson v. Avery, 393 U.S. 483, 490 (1969)). "Prison officials are required to permit inmates to seek the assistance of other inmates only when there are no other reasonable alternatives to provide the inmates with meaningful access to the courts." Little v. Norris, 787 F.2d 1241, 1244 (8th Cir. 1986) (citing Johnson, 393 U.S. at 488).

To succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions. Lewis v. Casey, 518 U.S. 343, 349 (1996). In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis, 518 U.S. at 353 (footnotes omitted)). The actual injury requirement is a high threshold. Hartsfield v. Nichols, 511 F.3d 826, 831–32 (8th Cir. 2008). "Actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348. "The right of access to the courts is satisfied if the prisoner has 'the capability of bringing contemplated

challenges to sentences or conditions of confinement before the courts.' " Zink v. Lombardi, 783 F.3d 1089, 1108 (8th Cir. 2015) (quoting Lewis, 518 U.S. at 356).

Here, Rosado claims that between August and September 2023, Fluke and Wasko would not let him receive legal assistance from Merrival, an inmate writ writer, for Rosado's habeas petition and this § 1983 case. Doc. 1 at 5. Rosado claims that Wasko and Fluke would not provide him time to meet with Merrival to receive legal assistance. Id. Rosado claims that because he cannot meet with Merrival, he "cannot get [his] habeas corpus filed in State and federal court. [He] cannot get [his] Sentence Modification filed or any legal pleadings file [sic]." Id. Although Rosado claims that he was not allowed to meet with Merrival to prepare his habeas petition and § 1983 complaint, Rosado does not allege that he was denied reasonable alternatives, such as access to a law library or other legal resources, to prepare meaningful legal filings. See Doc. 1. And an inmate does not have a right to meet with other inmates, nor can a non-attorney inmate represent as if an attorney another inmate. See Kinsey v. Se. Corr. Ctr., 2022 WL 4299810, at *3 (Sept. 19, 2022) (citing Moody v. Cory, 2010 WL 147268, at *2 (D. Kan. Jan. 11, 2010)). Thus, Rosado's First Amendment access to the courts claims against Wasko and Fluke are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## II. Conclusion

Accordingly, it is

ORDERED that Rosado's claims against all defendants in their official capacities for money damages are dismissed with prejudice under 28 U.S.C §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). It is further

ORDERED that Rosado's claims for injunctive relief against all defendants are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Rosado's Eighth Amendment claim against Geppart in his individual capacity for money damages survives § 1915A screening. It is further

ORDERED that Rosado's First Amendment access to the courts claims against Wasko and Fluke are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that the Clerk shall send a blank summons form and United States Marshals Service Form (Form USM-285) to Rosado so that he may complete the form to cause the complaint to be served upon defendant Geppart. It is further

ORDERED that Rosado shall complete and send the Clerk of Court a summons and USM-285 form for Geppart. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed. It is further

ORDERED that the United States Marshals Service shall serve the completed summons, together with a copy of the complaint, Doc. 1, and this order upon defendant Geppart. It is further

ORDERED that defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is finally

ORDERED that Rosado will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by this Court's Civil Local Rules while this case is pending.

DATED May 10th, 2024.

                                  BY THE COURT:

                                  ROBERTO A. LANGE
                                  CHIEF JUDGE